NOT DESIGNATED FOR PUBLICATION

No. 126,055

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HEATHER BAHNEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Chase District Court; DOUGLAS P. JONES, magistrate judge. Submitted without oral argument. Opinion filed February 16, 2024. Affirmed.

*Brandon G. Kinney*, of Kinney and Associates LLC, of Kansas City, Missouri, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., MALONE and ISHERWOOD, JJ.

PER CURIAM: This is a direct appeal by a truck driver of her conviction for speeding in a construction zone. Heather N. Bahney asks us to reverse her speeding conviction based on her claim that there was insufficient evidence. She argues the State failed to present sufficient evidence that there was proper signage at the construction site so she could slow down in time. She also claims that the trial court should not have relied on evidence from the radar unit used by the trooper because neither the machine nor the trooper had been recertified in its use since 2014.

1

Because sufficient evidence supports her conviction, we need not address whether she properly preserved these claims. We affirm her speeding in a construction zone conviction.

*A truck, a trooper, and a construction zone.*

While Trooper Eric Hodges patrolled a stretch of U.S. Highway 50 that was under construction, he saw a semi-truck and trailer that appeared to be speeding. Using his radar, the unit determined the truck was travelling at 51 mph. This was in a 30-mph zone. He checked the speed a second time as the truck approached his patrol car, and the truck was going 47 mph. He then pulled out behind the truck and pulled the truck over. The driver, Heather Bahney, stated she saw the signs warning drivers of the impending speed change for construction but did not slow down quick enough. Trooper Hodges issued a citation for exceeding the speed limit by traveling 51 mph in a 30-mph construction zone.

The stretch of highway that was under construction spanned about two miles. Signs notifying drivers of the construction zone were staggered, first stating: "Give Workers a Break" and "Fines Double." The next signs warned of impending speed changes and reduced the speed zones from 65 mph to 55 mph, 55 mph to 45 mph, and then 45 mph to 30 mph. In total, there were seven or eight signs, each spaced about 400 to 500 feet apart. Along with the signs were arrow boards and cones to push drivers into two lanes, which normally are not used on five-lane highways.

*The matter comes to trial.*

In the bench trial, Trooper Hodges testified for the State and Bahney testified in her own defense. Trooper Hodges testified that he received certification to operate a Stalker Radar in 2014 and used a tuning fork to test the radar before and after every shift. He is also personally certified in the recognition of speed by visual aids. Bahney focused

her cross-examination of Hodges on the lack of recertification on the radar since 2014 and lack of calibration testing on the radar unit. Hodges testified that he was unaware of any agency testing or calibration of the radar units outside of his own testing before and after his shifts.

After the State rested its case, Bahney moved for a judgment of acquittal on the grounds that the State did not present competent evidence of the accuracy of Trooper Hodges' Stalker radar speed reading. The trial court denied the motion.

*Bahney testifies*.

Bahney testified that she received a commercial driving license in 2019 and underwent training on road and equipment safety. She added that before entering the construction zone, she set her cruise control at 65 mph. She testified that her truck and cargo totaled about 77,000 pounds.

She then testified that she saw the construction zone signs, stating she "had seen quite a few of them on [Highway 50] that day." When asked what she did when she noticed the signs, she answered that she was "assessing the situation. Uh, there were a lot of cones." She was "trying to understand exactly what was going on and [she] proceeded to slow down." To slow down a 77,000-pound vehicle, Bahney testified "it takes approximately the length of a football field traveling at highway speeds of 65 miles an hour to get completely stopped."

She testified that the first construction speed limit sign she noticed was the 55-mph sign. She added that she noticed the 45-mph and 30-mph signs. She testified that she was trying to slow her truck down when Trooper Hodges pulled her over. She also claimed that when she saw the trooper, she looked down at her speedometer and saw her speed was 40 mph.

The trial court found Bahney guilty of speeding in a construction zone. The court ordered her to pay a fine and court costs, totaling $336.

*We choose to address Bahney's sufficiency of the evidence claims.*

We are struck by the nature of the evidence in the record and, because it is so convincing, we will go directly to those arguments and will not address the preservation arguments made by the State. Our ruling on the sufficiency of the evidence resolves this dispute.  It is more efficient to consider it first.

Generally, defendants need not challenge the sufficiency of the evidence at the district court to preserve that issue for appeal. *State v. Hilyard,* 316 Kan. 326, 330, 515 P.3d 267 (2022). We review sufficiency of evidence challenges in a light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. When we make this review, we do not reweigh evidence or resolve conflicts in the evidence, nor do we pass on the credibility of witnesses. *State v. Aguirre*, 313 Kan. 189, 209, 485 P.3d 576 (2021). The burden on the challenging party is a high one, and "only when the testimony is so incredible that no reasonable fact-finder could find guilt beyond a reasonable doubt" will we reverse such a verdict. *State v. Meggerson*, 312 Kan. 238, 247, 474 P.3d 761 (2020).

*Speeding is a unique crime.*

Unlike hundreds of other crimes, speeding is an absolute. You are either speeding or you are not speeding. To properly convict Bahney, the State had to prove she drove in excess of the maximum speed limit. K.S.A. 8-1558(c).

Here, the State produced testimony from Trooper Hodges. Hodges testified that while patrolling on Highway 50, he observed a semi-truck and trailer that appeared to be

speeding in the 30-mph construction zone. He used radar to check the speed of the truck, which indicated it was travelling at 51 mph and then 47 mph when he checked a second time.

That is sufficient evidence for a rational fact-finder to convict Bahney of speeding beyond a reasonable doubt. Her arguments that related to the improper sign authorization are not defenses contemplated by the statute. Thus, we affirm her conviction.

*The trial court did not err by relying on the radar measurement.*

Bahney also alleges that the trial court improperly relied on Trooper Hodges' radar measurement to convict her of speeding. Because the State laid a proper foundation to admit the trooper's radar measurement of the truck's speed, even if the issue were preserved, we find Bahney's argument unconvincing.

We review a trial court's admissibility ruling of otherwise material evidence for abuse of discretion. We will reverse such a ruling only if the trial court ruled in a way no reasonable judicial officer would under the circumstances, ignored controlling facts or relied on unproven factual representations, or acted outside the legal framework appropriate to the issue. *State v. Anderson*, No. 114,447, 2016 WL 3961436, at *4 (Kan. App. 2016) (unpublished opinion); see *State v. Boleyn*, 297 Kan. 610, Syl. ¶1, 303 P.3d 680 (2013). Radar measurements are material evidence in a contested speeding case. *Anderson*, 2016 WL 3961436, at *4.

To admit radar measurements into evidence, the State must show that (1) the operator tested the radar in accordance with accepted procedures; (2) the radar was functioning properly; and (3) the operator was qualified by training and experience to use the radar. *State v. Primm*, 4 Kan. App. 2d 314, 315-16, 606 P.2d 112 (1980).

Trooper Hodges testified that he tested the radar before and after his shift, using a tuning fork; the radar was functioning properly; and Hodges received certification to use the radar and relied on his training and 16-year experience as a trooper to use the radar. Because the State laid a proper foundation to admit the radar measurement, the trial court properly relied on the evidence to convict Bahney of speeding. Bahney did not object to this evidence, and the court correctly relied upon the testimony to form its judgment. Further, we find no law, rule, or regulation requiring a trooper to be recertified every two years. We hold the district court correctly found Bahney guilty of speeding.

Affirmed.